

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# USA v. Jordan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3700

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jordan" (2007). 2007 Decisions. Paper 243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3700
_____

UNITED STATES OF AMERICA

vs.

DOUGLAS JERMAINE JORDAN

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00001-3)
District Judge:  The Honorable Sean J. McLaughlin


_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2007


Before: RENDELL and NYGAARD, <u>Circuit</u> <u>Judges</u>.
and VANASKIE,* <u>District</u> <u>Judge</u>.


(Filed  November 8, 2007 )

_____

*Honorable Thomas I. Vanaskie, District Judge for the United States District
Court for the Middle District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Douglas Jermaine Jordan pleaded guilty to one count of an indictment charging him with conspiracy to possess with intent to distribute over fifty grams of cocaine base and over five hundred grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, reserving the right to dispute the actual amount or the weight of the drugs as may be attributable to him. A pre-sentence report determined Jordan's involvement in this drug conspiracy to mandate an attribution of the total amount of the cocaine base and the powder cocaine found in a safe in the home of a co-conspirator pursuant to U.S.S.G. § 2D1.1. After a hearing in which Jordan objected to the attribution, the District Court adopted the PSR, attributing 240 grams of cocaine base to Jordan.

The Sentencing Guidelines Commentary provides that where "there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, Application Note 12.

Here, the District Court considered all of the evidence that was presented as well as the competing arguments of defense counsel and the Government and imposed a sentence based upon the court's conclusion that the preponderance of the evidence

2

established that Jordan knew that his co-conspirator's operations involved both cocaine base and powder cocaine. Indeed, Jordan himself admitted to selling both substances. Moreover, as part of his plea, Jordan voluntarily and knowingly agreed with the Government's proffer which indicated that the conspiracy engaged in the sale of both cocaine base and powder cocaine; that on a weekly basis quantities of both cocaine base and powder cocaine were transported from Buffalo, New York to Erie, Pennsylvania; and that Jordan had himself sold both "crack and powder cocaine." As the Government points out, Jordan reserved an objection only to the amount of cocaine base he may have sold — not challenging the fact that Jordan had sold cocaine base. The District Court also heard the testimony of agents of the Federal Bureau of Investigation , who indicated that the contents of a safe uncovered at a "stash house" merely provided a "snapshot in time" of the group's overall activities.

Accordingly, the District Court's conclusion that Jordan was responsible for 240.2 grams of cocaine base was not clearly erroneous. For the reasons set forth above, we will affirm the judgment of sentence